1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PASCUAL TRUJILLO, LETICIA              No.  2:12-cv-02958-MCE-CMK
     TRUJILLO, and GREGORY
12   TRUJILLO,

13              Plaintiffs,                 **MEMORANDUM AND ORDER**

14       v.

15   NATIONWIDE INSURANCE
     COMPANY OF AMERICA,
16   NATIONWIDE MUTUAL INSURANCE
     COMPANY, NATIONWIDE SALES
17   SOLUTIONS, INC., and DOES 1-50,
     INCLUSIVE,
18
19              Defendants.

20

21       Through this action, Plaintiffs Pascual Trujillo, Leticia Trujillo and Gregory Trujillo

22   (collectively, "Plaintiffs") seek redress from Defendants Nationwide Insurance Company

23   of America, Nationwide Mutual Insurance Company and Nationwide Sales Solutions, Inc.

24   (collectively, "Defendants").  Plaintiffs claim their policy of umbrella insurance issued by

25   Nationwide improperly failed to provide uninsured/underinsured motorist coverage.

26   ///

27   ///

28   ///

                                              1

1   Plaintiffs' Complaint asserts common law claims of breach of contract; fraud; negligent

2   misrepresentation; breach of the covenant of good faith and fair dealing; violation of

3   Business & Professions Code § 17200, et seq.; declaratory relief; and reformation of

4   contract.  The jurisdiction of this Court is premised on diversity of citizenship pursuant to

5   28 U.S.C. § 1332.

6          Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal

7   Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

8   granted.[1]  (Defs.' Mot. Dismiss, Jan. 31, 2013, ECF Nos. 10, 10-1.)

9          For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED IN

10  PART and DENIED IN PART.[2]

11

12                              **BACKGROUND**[3]

13

14         In August 2006, Plaintiffs obtained a "Nationwide Mutual Insurance Company

15  Policy" (Pls.' Compl., Dec. 7, 2012, ECF No. 1 at ¶ 13) (the "Nationwide Policy") that

16  contained coverage for "Uninsured and Underinsured Motorist coverage."  (Id., ¶ 12.)  "In

17  or about August 2008[,] the [Nationwide Policy] was re-issued with a different nationwide

18  affiliate company, Nationwide Insurance Company of America (the "NICOA Policy")."

19  (Id., ¶ 16.)  Plaintiffs were allegedly notified of this reissuance through a notice sent by

20  Defendants (the "nonrenewal notice").  (Defs.' Mot. Dismiss, 9.)  Defendants allege – but

21  Plaintiffs dispute – that the nonrenewal notice provided adequate notification to Plaintiffs

22  that the reissued NICOA Policy did not contain uninsured and underinsured motorist

23  coverage.

24         [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
25  otherwise noted.

26         [2] Because oral argument will not be of material assistance, the Court ordered this matter
    submitted on the briefs.  E.D. Cal. Local R. 78-230(g).

27         [3] Unless otherwise noted, the following recitation of facts is taken, sometimes verbatim, from
28  Plaintiffs' Complaint.  (Pls.' Compl.)  While Plaintiffs' and Defendants' subsequent filings include additional
    factual allegations, only the facts alleged in the Complaint are included herein.

"In or about December 9, 2010, [Plaintiff] Gregory Trujillo was involved in a serious automobile accident involving an uninsured motorist . . . [that has] resulted in . . . damages . . . which well exceed the primary insurance limits of [Plaintiffs'] auto policy." (Pls.' Compl., ¶17.)  Plaintiffs subsequently filed a claim with Defendants under the NICOA Policy, but Defendants "denied coverage [for damages from the uninsured motorist] under the NICOA Umbrella Policy, claiming that the policy did not afford Uninsured/Underinsured Motorist Coverage, because that coverage had been eliminated in 2008 when . . ." when the NICOA Policy was issued.  (Id., ¶19.)  Plaintiffs allege that the NICOA Policy provides coverage for damage from an uninsured or underinsured motorist, or, in the alternative, that the nonrenewal notice did not adequately notify Plaintiffs of the change in coverage eliminating the uninsured and underinsured motorist coverage.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."

3

1  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

2  "Factual allegations must be enough to raise a right to relief above the speculative level."

3  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal

4  Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain

5  something more than "a statement of facts that merely creates a suspicion [of] a legally

6  cognizable right of action.")).

7      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

8  assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and

9  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

10  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

11  the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles

12  Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough

13  facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . .

14  have not nudged their claims across the line from conceivable to plausible, their

15  complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed

16  even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

17  recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.

18  232, 236 (1974)).

19      A court granting a motion to dismiss a complaint must then decide whether to

20  grant leave to amend.  Leave to amend should be "freely given" where there is no

21  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

22  to the opposing party by virtue of allowance of the amendment, [or] futility of the

23  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

24  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

25  be considered when deciding whether to grant leave to amend).  Not all of these factors

26  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

27  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

28  185 (9th Cir. 1987).

1    Dismissal without leave to amend is proper only if it is clear that "the complaint could not

2    be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048,

3    1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005);

4    Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need

5    not be granted where the amendment of the complaint . . . constitutes an exercise in

6    futility . . . .")).

7

8                                          **ANALYSIS**

9

10        Defendants seek dismissal of all seven of Plaintiffs' Causes of Action.

11

12   **A.       Incorporation of Documents**

13

14        Defendants attach three documents to the Motion to Dismiss.  (Defs.' Doc.,

15   Jan. 31, 2013, ECF No. 10-2.)  "Ordinarily, a court may look only at the face of the

16   complaint to decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc.,

17   284 F.3d 977, 980 (9th Cir. 2002).  However, the Ninth Circuit has held "that documents

18   whose contents are alleged in a complaint and whose authenticity no party questions,

19   but which are not physically attached to the pleading, may be considered in ruling on a

20   Rule 12(b)(6) motion to dismiss."  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994),

21   overruled on separate grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119

22   (9th Cir. 2002).  A document "may be incorporated by reference into a complaint if the

23   plaintiff refers extensively to the document or the document forms the basis of the

24   plaintiff's claim."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

25   Furthermore, "such consideration does 'not convert the motion to dismiss into a motion

26   for summary judgment.'"  Branch, 14 F.3d at 454 (9th Cir. 1994) (quoting Romani v.

27   Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (9th Cir. 1991).

28   ///

1

2

### 1.    Nonrenewal Notice

3        Defendants attach the alleged nonrenewal notice to the Motion to Dismiss.

4    (Defs.' Doc., 5-6.)  In the original Complaint, Plaintiffs allege that "[i]n or about August of

5    2008 the Nationwide Mutual Umbrella Policy was re-issued with a different nationwide

6    affiliate company . . . without any new application being filled out by the [Plaintiffs]," and

7    Plaintiffs "were not required to sign or return any acknowledgement regarding any

8    changes to the policy."  (Pls.' Compl., ¶ 16.)  Plaintiffs also quote from the nonrenewal

9    notice throughout the Complaint.  (Id., ¶¶ 24, 38, 40, 47.)  Furthermore, Plaintiffs Second

10   and Third Causes of Action – fraud and negligent misrepresentation, respectively – are

11   based solely on the nonrenewal notice.  However, Plaintiffs do not attach this letter to

12   the Complaint.   In the Complaint, Plaintiffs do not concede that Defendants sent the

13   nonrenewal notice to Plaintiffs – "[i]f Nationwide is correct that it sent a notice to

14   [Plaintiffs] . . . ."  (Id. at ¶ 24, emphasis added.)   In their Opposition, Plaintiffs further

15   allege that the nonrenewal notice "[is] not admitted to be [a] true and correct cop[y]" (Pls.'

16   Opp'n, Mar. 21, 2013, ECF No. 19 at 6) and Plaintiffs "question the authenticity of" the

17   nonrenewal notice.  (Id., 11.)

18        In a similar case, the Ninth Circuit approved incorporation by reference where the

19   plaintiff had substantially relied on the documents at issue in articulating his claim, even

20   though the plaintiff questioned the veracity of those documents.  See In re Silicon

21   Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999), superseded by statute on

22   other grounds.  Similarly, as two of Plaintiffs' claims rely solely on the contents of the

23   nonrenewal notice and Plaintiffs allege the contents of the nonrenewal notice in both the

24   original complaint and the opposition, the notice can be incorporated into Plaintiffs'

25   original pleading without converting the current motion to dismiss into a motion for

26   summary judgment.

27   ///

28   ///

6

1

### 2.     Certificate of Mailing & Mail Register

2

3       Defendants attach an alleged certificate of mailing and an alleged mail register.

4   (Defs.' Doc., 8-9.)  At no point in Plaintiffs' Complaint, however, do Plaintiffs allege the

5   contents of a certificate of mailing or mail register, nor do Plaintiffs rely on this certificate

6   of mailing or mail register to "form the basis of [Plaintiffs'] claim."  Ritchie, 342 F.3d at

7   908.  Thus, the Court declines to incorporate either the alleged certificate of mailing or

8   the mail register because to do so would convert the current motion to dismiss into a

9   motion for summary judgment.

10

### 3.     NICOA Umbrella Policy

11

12

13       Defendants attach the NICOA Umbrella Policy, policy No. PENC2723454722 (the

14   "NICOA Policy"), that allegedly covered Plaintiffs from August 2008 forward.  (Defs.'

15   Doc., 12-39.)  In the original Complaint, Plaintiffs allege the NICOA Policy "affords

16   coverage in excess of the policy's 'retained limits,' which include 'the total limits of any

17   underlying insurance or any other insurance that applies to an occurrence or offense

18   which . . . are available to an insured . . . ."  (Pls.' Compl., ¶ 31.)  Plaintiffs go on to quote

19   from the NICOA Policy further along in Paragraph 31, and Plaintiffs also quote directly

20   from the NICOA Policy in Paragraph 22.  Plaintiffs also rely on the NICOA Policy as one

21   basis for their First Cause of Action of breach of contract against the Defendants.  (Id.,

22   ¶¶ 30-34.)  However, Plaintiffs do not attach the NICOA Policy to the Complaint, and, in

23   their Opposition, Plaintiffs further allege that the NICOA Policy "[is] not admitted to be [a]

24   true and correct cop[y]," (Pls.' Opp'n, 6) and Plaintiffs "question the authenticity of" the

25   NICOA Policy provided by Defendants.  (Id., 11.)

26       Again, the fact that Plaintiffs' Complaint discusses the NICOA Policy at some

27   length points towards incorporation by reference.  In re Silicon Graphics Inc. Sec. Litig.,

28   183 F.3d at 986.

One aspect of Plaintiffs' breach of contract claim relies solely on the contents of the NICOA Policy, and Plaintiffs allege the contents of the NICOA Policy in both the original complaint and the opposition.  Therefore, the NICOA Policy is properly incorporated for purposes of the present motion to dismiss without converting the current motion to dismiss into a motion for summary judgment.

## B.    Breach of Contract

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

### 1.    Nationwide Sales is not a Party to the Contract

Defendants move to dismiss both Nationwide Mutual and Nationwide Sales from Plaintiffs' breach of contract Cause of Action.  As Nationwide Mutual was the insurance carrier and underwriter of the policy that allegedly expired in August 2008, it cannot be dismissed at this stage.  However, the Ninth Circuit has held that "[u]nder California law, an insurance agent cannot be held liable for breach of contract . . . because he is not a party to the insurance contract."  Minnesota Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir. 1999); see also American Steel & Stairways, Inc. v. Lexington Ins. Co., No. C 12-3103 SI, 2012 WL 4097711, at *2 (N.D. Cal. Sep. 17, 2012).  Plaintiffs allege in the Complaint that "at all times mentioned herein Nationwide Sales was and is an agent of NICOA and/or Nationwide Mutual, and sold and/or distributed policies in the State of California."  (Pls.' Compl., ¶ 6).  Thus, as Plaintiffs concede that Nationwide Sales is an insurance agent, Nationwide Sales was not a party to either insurance policy and cannot be held liable for breach of contract.

8

1    Defendants' Motion to Dismiss Nationwide Mutual from the breach of contract

2    claim is denied, and Defendants' Motion to Dismiss Nationwide Sales from the breach of

3    contract claim is granted.

4

5              **2.      The Court Cannot Otherwise Rule Out a Viable Contract Claim**

6

7    In their Cause of Action for breach of contract, Plaintiffs allege that the NICOA

8    Policy "indisputably provides uninsured/underinsured motorist coverage," or,

9    alternatively, Plaintiffs allege that if the NICOA Policy does "not afford

10   [u]ninsured/[u]nderinsured coverage, then the terms of the Nationwide Mutual Umbrella

11   Policy apply to afford that coverage for the December 9, 2010 accident."  (Id., ¶ 31.)

12   Plaintiffs' alternate claim alleging that the Nationwide Policy applies to afford coverage is

13   predicated on an allegedly insufficient nonrenewal notice sent by Defendants to

14   Plaintiffs.  Plaintiffs allege that they "have duly performed all of the obligations . . . under

15   [the NICOA Policy and Nationwide Policy] . . . [and] Nationwide has breached and

16   continues to breach the [NICOA Policy and Nationwide Policy] by failing to acknowledge

17   coverage for the damages resulting from the December 9, 2010 accident."  (Id., ¶ 33.)

18   Addressing first the adequacy of the nonrenewal notice, Defendants argue in the

19   Motion to Dismiss that Plaintiffs' "argument is specious since Nationwide complied with

20   all applicable and required notice requirements" in the nonrenewal notice.  (Defs.' Mot.

21   Dismiss, 15.)  Defendants allege that the nonrenewal notice "stated unequivocally" and

22   provided "sufficient notice in 'plain, clear, and conspicuous writing' that [Plaintiffs']

23   coverage was changing, i.e. that the [uninsured and underinsured motorist] coverage

24   was being eliminated."  (Id., 16.)

25   "It is a long-standing general principle applicable to insurance policies that an

26   insurance company is bound by a greater coverage in an earlier policy when a renewal

27   policy is issued but the insured is not notified of the specific reduction in coverage."

28   ///

1  Fields v. Blue Shield of Cal., 163 Cal. App. 3d 570, 579 (Ct. App. 1985) (citing Indus.

2  Indem. Co. v. Indus. Accident Comm'n, 34 Cal. 24 500, 506 (1949)).  Changes to or

3  limits of coverage must be "conspicuous, plain[,] and clear" in order to be enforceable.

4  Id.  "Thus, any such limitation must be placed and printed so that it will attract the

5  reader's attention. Such a provision also must be stated precisely and understandably, in

6  words that are part of the working vocabulary of the average layperson."  Haynes v.

7  Farmers Ins. Exch., 32 Cal. 4th 1198, 1204 (2004).  Courts have previously interpreted

8  these principles to express that the limitation must be in an expected section of the

9  notice and emphasized in some manner.  See Fields, 163 Cal. App. 3d at 579; Allstate

10 Ins. Co. v. Fibus, 855 F.2d 660, 663-64 (9th Cir. 1988); Davis v. United Servs. Auto

11 Assn., 223 Cal. App. 3d 1322, 1332-33 (Ct. App. 1990) (holding that the exclusions were

12 not conspicuously placed when the exclusions were under the 'Clarification' section

13 rather than in the 'Reduction' section).

14         Applying these principles, it cannot be said as a matter of law that the alleged

15 nonrenewal notice provided conspicuous notice of the reductions in coverage to

16 Plaintiffs.  On the first page of the nonrenewal notice, there are two bolded headers that

17 state "**What's Changing?**" and "**How Does This Affect You?**."  (Defs.' Doc., 5.)   As in

18 Davis, it cannot be said as a matter of law that the reduction in coverage notice was

19 conspicuously placed since it was not under the "**What's Changing?**" heading that

20 would presumably list the changes or reduction in coverage.  Rather, the notice of the

21 reduction in uninsured motorists coverage is found under the second "**How Does This**

22 **Affect You?**" heading.

23         The pertinent text in the nonrenewal notice reads ". . . the NICOA [P]olicy does

24 not provide coverage for Uninsured or Underinsured Motorist coverage."  (Defs.' Doc.,

25 5.)  Defendants underline this reduction language in their Motion to Dismiss.  However, it

26 is not emphasized in any manner in the text of the original nonrenewal notice.  The text

27 is not underlined, italicized, bolded, or otherwise pronounced to make the change in

28 coverage conspicuous.

1   Rather, the reduction language is found in the middle of a sentence halfway through the

2   second of three paragraphs under this heading.

3       Looking at the facts and the nonrenewal notice in the light most favorable to

4   Plaintiffs, the breach of contract claim cannot be dismissed because the alleged

5   nonrenewal notice does not, as a matter of law, provide conspicuous notice of the

6   change in coverage.  Plaintiffs therefore have stated a viable claim, and Defendants'

7   Motion to Dismiss Plaintiffs' First Cause of Action is denied.

8

9       **C.      Fraud and Negligent Misrepresentation**

10

11      Defendants do not allege that Plaintiffs' claims for fraud and misrepresentation, as

12  set forth in Plaintiffs' Second and Third Causes of Action, fail because the Complaint

13  lacks the specificity required under Rule 9(b).  Rather, Defendants allege that the "claims

14  fail because the [the claims] are all based on the [nonrenewal notice], which on its face

15  clearly states that [uninsured/underinsured motorist] Coverage was being eliminated."

16  (Defs.' Mot. Dismiss, 19.)  Defendants further rely on Everett v. State Farm Gen. Ins.

17  Co., 162 Cal. App. 4th 649 (Ct. App. 2008) in averring that if a change in coverage

18  notice is conspicuous, plain, and clear there can be no fraud or negligent

19  misrepresentation resulting from that notice.  Defendants therefore conclude that

20  "Plaintiffs fail to state a claim for fraud or negligent misrepresentation because the

21  [nonrenewal notice], on its face, does not contain either a negligent or intentional

22  misrepresentation."  (Defs.' Mot. Dismiss, 20.)

23      However, the court in Everett affirmed a summary judgment adjudication whereas

24  the instant motion is a motion to dismiss.  Furthermore, for the reasons set forth above,

25  the nonrenewal notice is not, as a matter of law, conspicuous, plain, or clear.  Since

26  Defendants rely solely on the nonrenewal notice "clearly and accurately provid[ing]

27  notice to" Plaintiffs of the change in coverage, Defendants' Motion to Dismiss Plaintiffs

28  claims for fraud and negligent misrepresentation fail.  (Defs.' Mot. Dismiss, 19.)

1    Plaintiffs have therefore stated a claim upon which relief can be granted, and

2  Defendants' Motion to Dismiss Plaintiffs' Second and Third Causes of Action are denied.

3

4    **D.    Breach of Implied Covenant of Good Faith and Fair Dealing**

5

6    Defendants allege that Plaintiffs' Fourth Cause of Action, for breach of the implied

7  covenant of good faith and fair dealing,  fails "against NICOA and Nationwide Mutual…

8  because there was no breach of contract" (Id. at 20) and because "Nationwide Mutual

9  was not a party to the policy that was in effect at the time of the [a]ccident."  (Id., 21.)

10  Again, however, as noted above, Plaintiffs have in fact stated a viable claim for breach of

11  contract.  The Court cannot rule out a breach given the fact that "an insurance company

12  is bound by a greater coverage in an earlier policy when a renewal policy is issued but

13  the insured is not notified of the specific reduction in coverage."  Fields, 163 Cal. App. 3d

14  at 579.

15    As a result, Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action, for

16  Breach of the Implied Covenant of Good Faith and Fair Dealing, is denied.

17

18    **E.    California Business & Professions Code § 17200, et seq.**

19    Business and Professions Code § 17200, et seq., California's unfair competition

20  law (the "UCL"), prohibits any "unfair competition" which includes "any unlawful, unfair, or

21  fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200; see Cel-Tech

22  Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  "Its

23  coverage is 'sweeping, embracing anything that can properly be called a business

24  practice and that at the same time is forbidden by law.'"  Id. (quoting Rubin v. Green,

25  4 Cal. 4th 1187, 1200 (1993)).  "By proscribing 'any unlawful' business practice, 'section

26  17200 borrows violations of other laws and treats them as unlawful practices' that the

27  [UCL] makes independently actionable."

28  ///

1    Cel-Tech Commc'ns, Inc., 20 Cal. 4th at 180 (quoting State Farm Fire & Casualty Co. v.

2    Super. Ct., 45 Cal. App. 4th 1093, 1103 (Ct. App. 1996)).  "Conduct is considered

3    fraudulent under the UCL if the conduct is 'likely to deceive'" (Pinel v. Aurora Loan

4    Services, LLC, 814 F. Supp. 930, 941 (N.D. Cal. 2011)), and the fraudulent prong under

5    the UCL does not require the specificity required for fraud allegations under Rule 9(b).

6    Morgan v. AT&T Wireless Services, Inc., 177 Cal. App. 4th 1235, 1256 (Ct. App. 2009).

7         In arguing that Plaintiffs' Complaint fails to state a claim under the UCL, defense

8    counsel states that "Defendants explicitly notified Plaintiffs[ ] of the changes, and thus its

9    practices were not" fraudulent.  (Defs.' Mot. Dismiss, 23.)  Defendants' argument again

10   relies on the nonrenewal notice as adequate to notify Plaintiffs of the changes to

11   Plaintiffs' policy.  However, as set forth above, the Court cannot conclude as a matter of

12   law that the nonrenewal notice provides adequate notice of the changes to Plaintiffs'

13   policy.

14        Plaintiffs' fraud and misrepresentation claims can potentially be a predicate to

15   Plaintiffs' UCL claim.  See Morgan, 177 Cal. App. 4th at 1256-57; McKell v. Washington

16   Mut., Inc., 142 Cal. App. 4th 1457, 1471-72 (Ct. App. 2006).  As such, Plaintiffs have

17   stated a claim upon which relief can be granted, and Defendants' Motion to Dismiss

18   Plaintiffs' Fifth Cause of Action, for violation of California Business & Professions Code

19   § 17200, is denied.

20

21        **F.    Declaratory Relief**

22

23        In the Motion to Dismiss, Defendants argue that, "[b]y determining the breach of

24   contract claim, the Court will have also determined the issue under the declaratory relief

25   claim.  Thus, . . . since the other claims against the insurers fail, the declaratory relief

26   claim should similarly be decided in Defendants' favor."  (Defs.' Mot. Dismiss, 25.)

27   Defendants' argument again relies on the nonrenewal notice as adequate for the

28   dismissal of Plaintiffs' declaratory relief claim.

                                              13

1   For the reasons set forth above, Plaintiffs have in fact stated a claim upon which relief

2   can be granted, and, consequently, Defendants' Motion to Dismiss Plaintiffs' Sixth

3   Cause of Action, for Declaratory Relief, also fails.

4

5       **G.      Reformation**

6

7           In their Motion to Dismiss, Defendants argue that "the [n]on-[r]enewal [l]etter does

8   not contain a misrepresentation and 'negates' any viable claim for reformation."  (Id., 27,

9   quoting Mercury Ins. Co. v. Pearson, 169 Cal. App. 4th 1064, 1074 (Ct. App. 2008).)

10  Defendants' argument therefore relies on the nonrenewal notice as adequate.

11  Defendants' Motion to Dismiss Plaintiffs' Seventh Cause of Action, for Reformation, fails

12  because the Court cannot determine as a matter of law at this juncture that the

13  nonrenewal notice was adequate.  Absent such a determination, the Court cannot rule

14  out a viable reformation claim.

15

16                              **CONCLUSION**

17

18          For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 10) is

19  GRANTED IN PART and DENIED IN PART.  Defendants' Motion to Dismiss Nationwide

20  Sales from Plaintiffs' First Cause of Action is GRANTED.  The Motion, however, is

21  DENIED in all other respects.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    14

1    Because the Court does not believe that Plaintiffs' failure to state a valid breach of

2    contract claim against Nationwide Sales can be rectified through amendment, no leave

3    to amend the First Cause of Action in that regard will be permitted.

4            IT IS SO ORDERED.

5    Dated:  July 2, 2013

6

7

8    _____

     MORRISON C. ENGLAND, JR, CHIEF JUDGE
9    UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28