1  STROOCK & STROOCK & LAVAN LLP
   JAMES E. FITZGERALD (State Bar No. 108785)
2  ALLAN S. COHEN (State Bar No. 115532)
   BRYAN M. WITTLIN (State Bar No. 286382)
3  2029 Century Park East
   Los Angeles, CA 90067-3086
4  Telephone:  310-556-5800
   Facsimile: 310-556-5959
5  Email:    *lacalendar@stroock.com*

6  Attorneys for Defendants
   Nationwide Insurance Company of America,
7  Nationwide Mutual Insurance Company and
   Nationwide Sales Solution, Inc.
8

9                UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

| | |
|---|---|
| Pascual Trujillo, Leticia Trujillo, and Gregory Trujillo | Case No. 2:12-CV-02958-MCE (CMK) |
| Plaintiffs, | DEFENDANTS NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL INSURANCE COMPANY AND NATIONWIDE SALES SOLUTIONS, INC.'S ANSWER TO COMPLAINT |
| vs. | |
| Nationwide Insurance Company of America, Nationwide Mutual Insurance Company, Nationwide Sales Solutions, Inc., and DOES 1-50, Inclusive | [The Hon. Morrison C. England, Jr.] |
| | Action Filed: December 7, 2012 |
| Defendants. | |

Defendants Nationwide Insurance Company of America, Nationwide Mutual Insurance Company and Nationwide Sales Solutions, Inc. (collectively "Defendants"), hereby answer the Complaint filed by Plaintiffs Pascual Trujillo, Leticia Trujillo and Gregory Trujillo.

1. Answering the allegations in paragraph 1 of the Complaint, Defendants admit the allegations contained therein.

2. Answering the allegations in paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

3. Answering the allegations in paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

4. Answering the allegations in paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5. Answering the allegations in paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6. Answering the allegations in paragraph 6 of the Complaint, Defendants admit that Nationwide Sales Solutions, Inc. ("Nationwide Sales") is an Iowa corporation with its principal place of business in Iowa which sold and/or distributed insurance policies in the State of California. Except as so admitted, Defendants deny each and every allegation in said paragraph.

7. Answering the allegations in paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

8. Answering the allegations in paragraph 8 of the Complaint, Defendants deny each and every allegation therein.

9. Answering the allegations in paragraph 9 of the Complaint, Defendants admit that Pascual and Leticia Trujillo have been insured by Nationwide Insurance Company of America ("NICOA") or Nationwide Mutual Insurance Company

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

("Nationwide Mutual").  Defendants further admit that Gregory Trujillo is the son of Mr. and Mrs. Trujillo.  Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

10. Answering the allegations in paragraph 10 of the Complaint, Defendants admit that Plaintiffs were insured under a primary automobile policy issued by NICOA.  Except as so admitted, Defendants deny each and every allegation contained therein.

11. Answering the allegations in paragraph 11 of the Complaint, Defendants admit that in 2006 Pascual Trujillo contacted Nationwide Sales to inquire about a personal umbrella policy.  Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

12. Answering the allegations in paragraph 12 of the Complaint, Defendants admit that Pascual and Leticia Trujillo filled out an application for a personal umbrella policy on August 10, 2006 that reflects that they selected Uninsured/ Underinsured Motorists Coverage.  Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

13. Answering the allegations in paragraph 13 of the Complaint, Defendants admit the allegations contained therein.

14. Answering the allegations in paragraph 14 of the Complaint, Defendants admit that the application for insurance reflects an address for Pascual Trujillo in Grass Valley, California and that the policy was signed by Nationwide Mutual.  Except as so admitted, Defendants deny each and every allegation contained therein.

-2-

LA 51663032v1

15. Answering the allegations in paragraph 15 of the Complaint, Defendants admit the Trujillos paid insurance premiums electronically. Except as so admitted, Defendants deny each and every allegation contained therein.

16. Answering the allegations in paragraph 16 of the Complaint, Defendants deny that the Nationwide Mutual umbrella policy was re-issued by NICOA. Except as so denied, Defendants admit the allegations contained therein.

17. Answering the allegations in paragraph 17 of the Complaint, Defendants admit that on or about December 9, 2010 Gregory Trujillo was involved in an automobile accident in California which caused Gregory injuries and required medical services. Except as so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

18. Answering the allegations in paragraph 18 of the Complaint, Defendants admit the allegations contained therein.

19. Answering the allegations in paragraph 19 of the Complaint, Defendants admit that on July 26, 2011 NICOA forwarded a letter to Plaintiffs' counsel in which it notified counsel that it had determined that there was no coverage under the personal umbrella policy NICOA had issued to the Trujillos. Except as so admitted, Defendants deny each and every allegation contained therein.

20. Answering the allegations in paragraph 20 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

21. Answering the allegations in paragraph 21 of the Complaint, Defendants admit the allegations contained therein.

22. Answering the allegations in paragraph 22 of the Complaint, Defendants admit that Plaintiffs have selectively quoted from the personal umbrella policy issued

by NICOA.  Except as so admitted, Defendants deny each and every allegation contained therein.

23.  Answering the allegations in paragraph 23 of the Complaint, Defendants deny each and every allegation therein.

24.  Answering the allegations in paragraph 24 of the Complaint, Defendants deny each and every allegation therein.

25.  Answering the allegations in paragraph 25 of the Complaint, Defendants deny each and every allegation therein.

26.  Answering the allegations in paragraph 26 of the Complaint, Defendants deny each and every allegation therein.

27.  Answering the allegations in paragraph 27 of the Complaint, Defendants deny each and every allegation therein.

28.  Answering the allegations in paragraph 28 of the Complaint, Defendants deny each and every allegation therein.

29.  Answering the allegations in paragraph 29 of the Complaint, Defendants deny each and every allegation therein.

## FIRST CAUSE OF ACTION

## (Breach of Written Contract As To Defendants NICOA and Nationwide Mutual)

30.  Answering the allegations in paragraph 30 of the Complaint, Defendants NICOA and Nationwide Mutual incorporate by reference as though fully set forth herein the responses set forth in Paragraphs 1 through 29, above.

31.  Answering the allegations in paragraph 31 of the Complaint, Defendants admit that Plaintiffs have selectively quoted from portions of the personal umbrella policy issued by NICOA.  Except as so admitted, Defendants deny each and every allegation contained therein.

32.  Answering the allegations in paragraph 32 of the Complaint, Defendants deny each and every allegation therein.

33.     Answering the allegations in paragraph 33 of the Complaint, Defendants deny each and every allegation therein.

34.     Answering the allegations in paragraph 34 of the Complaint, Defendants deny each and every allegation therein.

## SECOND CAUSE OF ACTION

## (Fraud As To All Defendants)

35.     Answering the allegations in paragraph 35 of the Complaint, Defendants incorporate by reference as though fully set forth herein their responses set forth in Paragraphs 1 through 34, above.

36.     Answering the allegations in paragraph 36 of the Complaint, Defendants admit that Nationwide Mutual issued a personal umbrella policy that included Uninsured/ Underinsured Motorists Coverage beginning August, 2006 through August 14, 2008.  Except as so admitted, Defendants deny each and every allegation contained therein.

37.     Answering the allegations in paragraph 37 of the Complaint, Defendants deny each and every allegation therein.

38.     Answering the allegations in paragraph 38 of the Complaint, Defendants deny each and every allegation therein.

39.     Answering the allegations in paragraph 39 of the Complaint, Defendants deny each and every allegation therein.

40.     Answering the allegations in paragraph 40 of the Complaint, Defendants deny each and every allegation therein.

41.     Answering the allegations in paragraph 41 of the Complaint, Defendants deny each and every allegation therein.

42.     Answering the allegations in paragraph 42 of the Complaint, Defendants deny each and every allegation therein.

43.     Answering the allegations in paragraph 43 of the Complaint, Defendants deny each and every allegation therein.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation As To All Defendants)

44.     Answering the allegations in paragraph 44 of the Complaint, Defendants incorporate by reference as though fully set forth herein the responses set forth in Paragraph 1 through 43, above.

45.     Answering the allegations in paragraph 45 of the Complaint, Defendants admit that Nationwide Mutual issued a personal umbrella policy that included Uninsured/ Underinsured Motorists Coverage beginning August, 2006 through August 14, 2008.  Except as so admitted, Defendants deny each and every allegation contained therein.

46.     Answering the allegations in paragraph 46 of the Complaint, Defendants deny each and every allegation therein.

47.     Answering the allegations in paragraph 47 of the Complaint, Defendants admit that on May 20, 2008 Nationwide Mutual forwarded a letter to Pascual Trujillo stating that a licensed representative would contact him to review new policies and coverages.  Except as so admitted, Defendants deny each and every allegation therein.

48.     Answering the allegations in paragraph 48 of the Complaint, Defendants deny each and every allegation therein.

49.     Answering the allegations in paragraph 49 of the Complaint, Defendants deny each and every allegation therein.

## FOURTH CAUSE OF ACTION

### (Breach Of The Covenant Of Good Faith And Fair Dealing As To Nationwide Mutual And NICOA)

50.     Answering the allegations in paragraph 50 of the Complaint, Defendants incorporate by reference as though fully set forth herein the responses set forth in Paragraphs 1 through 49, above.

51. Answering the allegations in paragraph 51 of the Complaint, Defendants admit that an implied duty of good faith and fair dealing arises under the NICOA personal umbrella policy. Except as so admitted, Defendants deny each and every allegation therein.

52. Answering the allegations in paragraph 52 of the Complaint, Defendants deny each and every allegation therein.

53. Answering the allegations in paragraph 53 of the Complaint, Defendants deny each and every allegation therein.

54. Answering the allegations in paragraph 54 of the Complaint, Defendants deny each and every allegation therein.

55. Answering the allegations in paragraph 55 of the Complaint, Defendants deny each and every allegation therein.

## FIFTH CAUSE OF ACTION

## (Violation of Business & Professions Code § 17200 et sq.

## As To All Defendants)

56. Answering the allegations in paragraph 56 of the Complaint, Defendants incorporate by reference as though fully set forth herein the responses set forth in Paragraphs 1 through 55, above.

57. Answering the allegations in paragraph 57 of the Complaint, Defendants deny each and every allegation therein.

58. Answering the allegations in paragraph 58 of the Complaint, Defendants deny each and every allegation therein.

59. Answering the allegations in paragraph 59 of the Complaint, Defendants deny each and every allegation therein.

///

///

///

///

## SIXTH CAUSE OF ACTION

### (Declaratory Relief As To All Defendants)

60. Answering the allegations in paragraph 60 of the Complaint, Defendants incorporate by reference as though fully set forth herein the allegations set forth in Paragraphs 1 through 59, above.

61. Answering the allegations in paragraph 61 of the Complaint, Defendants admit that a declaratory judgment can determine the respective rights and liabilities of Plaintiffs, Nationwide Mutual and NICOA for damages resulting from the December 9, 2010 accident involving Gregory Trujillo. Except as so admitted, Defendants deny each and every allegation contained therein.

62. Answering the allegations in paragraph 62 of the Complaint, Defendants admit that a continuing justiciable controversy exists between Plaintiffs, NICOA and Nationwide Mutual regarding the parties' rights and responsibilities concerning uninsured/underinsured motorists coverage. Except as so admitted, Defendants deny each and every allegation contained therein.

63. Answering the allegations in paragraph 63 of the Complaint, Defendants admit that the personal umbrella policy issued by NICOA on August 14, 2008 which was in effect through August 14, 2011 does not provide uninsured/ underinsured motorists coverage. Except as so admitted, Defendants deny each and every allegation therein.

## SEVENTH CAUSE OF ACTION

### (Reformation As To All Defendants)

64. Answering the allegations in paragraph 64 of the Complaint, Defendants incorporate by reference as though fully set forth herein the responses set forth in Paragraphs 1 through 63, above.

65. Answering the allegations in paragraph 65 of the Complaint, Defendants deny each and every allegation therein.

66. Answering the allegations in paragraph 66 of the Complaint, Defendants deny each and every allegation therein.

67. Answering the allegations in paragraph 67 of the Complaint, Defendants deny each and every allegation therein.

## Affirmative Defenses

### First Affirmative Defense

1. Each purported claim for relief in the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Defendants did not act unreasonably, either directly or indirectly, in performing any acts, and did not perform any acts that would constitute a violation of any rights of Plaintiffs or any duty owed to Plaintiffs.

### Third Affirmative Defense

3. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs have failed to perform certain conditions precedent, subsequent and/or concurrent to any obligations or indebtedness owed under the Policy which is the subject of Plaintiffs' claims in this case.

### Fourth Affirmative Defense

4. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs waived their rights to assert the claims described in the Complaint.

### Fifth Affirmative Defense

5. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs are estopped from asserting the claims described in the Complaint.

### Sixth Affirmative Defense

6. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs have failed to mitigate their damages.

### Seventh Affirmative Defense

7. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs have been damaged, if at all, in whole or in part, by their own acts and omissions.

### Eighth Affirmative Defense

8. Defendants are informed and believe and, based on such information and belief, allege that Plaintiffs have been damaged, if at all, in whole or in part, by the conduct of third parties other than Defendants.

### Ninth Affirmative Defense

9. Each purported claim for relief against Defendants in the Complaint is barred because the losses claimed by Plaintiffs were excluded from coverage by the terms and conditions of the policy which is the subject of Plaintiffs' claims in this case.

### Tenth Affirmative Defense

10. Each purported claim for relief against Defendants in the Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendants. Defendants further allege that they have never taken any action with a conscious disregard of Plaintiffs' rights that would constitute oppression, fraud or malice under California Civil Code § 3294.

### Eleventh Affirmative Defense

11. California Civil Code § 3294 is unconstitutionally vague under the Due Process Clause of the California and United States Constitutions. Defendants allege that there is no evidence that their conduct was malicious, oppressive, or fraudulent pursuant to California Civil Code § 3294.

### Twelfth Affirmative Defense

12. Any amount of punitive damages in excess of $500 would constitute an excessive fine under the California and United States Constitutions.

**Thirteenth Affirmative Defense**

13. Any award of punitive damages based on alleged recidivist behavior by Defendants, if any, would violate the Due Process Clause of California and United States Constitutions.

**Fourteenth Affirmative Defense**

14. Defendants reserve their right to assert additional defenses based upon information gathered in the course of investigation and discovery.

WHEREFORE, Nationwide Insurance Company of America, Nationwide Mutual Insurance Company, and Nationwide Sales Solutions, Inc. pray for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That judgment be entered against Plaintiffs and in favor of Defendants;
3. That Defendants be awarded their reasonable costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

> STROOCK & STROOCK & LAVAN LLP
> JAMES E. FITZGERALD
> ALLAN S. COHEN
> BRYAN M. WITTLIN
>
> By: */s/ James E. Fitzgerald*
> James E. Fitzgerald
> Attorneys for Defendants
> Nationwide Insurance Company of America
> Nationwide Mutual Insurance Company and
> Nationwide Sales Solution, Inc.